Rule 1950.  Definitions.

**[(1) "Emergency."  An emergency is an event or events that causes or threatens the destruction or partial destruction of court facilities, significantly interrupts the performance of court operations, or poses a threat to the health or safety of court personnel, court users or the public.]**

**[(2)]** "Continuity of Operations."  Continuity of operations is the process, during and following an emergency, by which a court maintains at least minimum levels of service.

**[(3)]** "Court Facility."  Court facility includes the courtrooms, judicial chambers, witness rooms, jury deliberation rooms, attorney conference rooms, court administrative offices and any other office or space under the control of or supervised by the judiciary.

**<u>"Emergency."  An emergency is an event that causes or threatens the destruction or partial destruction of court facilities, significantly interrupts the performance of court operations, or poses a threat to the health or safety of court personnel, court users or the public.</u>**

**<u>"Emergency Action Plan."  A written document providing guidance to and expectations of employees responding to various emergency situations.</u>**

**[(4)]** "President Judge."  For the purposes of these Rules, ''president judge'' refers to the president judge of the judicial district.

**[(5) "Security Incident."  A security incident is an event that has the potential to cause, or has in fact caused, personal injury or property damage.]**

*Note*:  See also definitions in Pa.R.J.A. No. 102.

Rule 1951.  Continuity of operations **<u>and emergency action plans</u>**.

(A) *Responsibility for Continuity of Operations and Emergency* **<u>*Action Plans*</u>** *[Planning]*.

(1)     The Court Administrator shall establish minimum standards and procedures for continuity of operations and **[other]** emergency **action** plans.  The standards shall include procedures for periodic review, including the procedures for conducting exercises to ensure the efficacy of the plan.

(2)     The president judge has primary responsibility for planning for the continuity of operations in the event of an emergency, and for implementing such plans in his or her judicial district.

*Note*:  See also Pa.R.J.A. No. 1954.

(B) *Continuity of Operations Plans.*

(1)     Pursuant to the standards and procedures established by the Court Administrator in **[Rule 1951] paragraph** (A)(1), the president judge, in conjunction with the district court administrator**, the local court security committee,** and any other relevant individuals designated by the president judge shall, in consultation with county emergency service agencies and other governmental entities, develop a plan to provide for the continuity of court operations during and following the occurrence of an emergency.

(2)     The continuity of operations plan shall provide for the continuation or immediate resumption of court business by the most expeditious and practical means possible, consistent with continuity of operations standards as established by the Court Administrator.

(3)     The president judge shall be responsible for ensuring that the continuity of operations plan is accurate and updated as needed.

(4)     On an annual basis, the president judge shall review the continuity of operations plan **in consultation with the local court security committee** and shall certify on a form prescribed by the Court Administrator that the review has taken place and that the plan is accurate and meets the requirements established by the Court Administrator.

**(C) *Emergency Action Plans*.**

**(1)     Pursuant to the standards and procedures established by the Court Administrator in paragraph (A)(1), in conjunction with the district court administrator, the local court security committee, county emergency service agencies, and any other relevant parties, the president judge shall develop an emergency action plan for each court facility located in the judicial district to use in response to, during, and immediately following the occurrence of an emergency.**

**(2)     Within one year after the effective date of this paragraph, and on an annual basis thereafter, the president judge shall review the judicial district's emergency action plans in consultation with the local court security committee and shall certify in a form prescribed by the Court Administrator that the review has taken place, the plans meet the requirements established by the Court Administrator, and the relevant plans have been disseminated to all district court employees under the purview of the president judge.**

**Comment**

**[Fires. Floods. Hurricanes, earthquakes and tornados. Terrorist attacks. Pandemics. Nuclear and biohazardous accidents (and attacks). The experiences from other states and countries around the world have shown that if any of these events should occur in Pennsylvania, the results could be catastrophic.**

**State and local governments, and in particular chief judges and court administrators, have learned from the experiences of governments in places where natural and man-made disasters have occurred, for example: the state and city of New York in the aftermath of the 2001 terrorist attacks; the city of Toronto in Canada's Ontario Province after the 2003 SARS outbreak; the Gulf Coast states, such as Louisiana and Florida in the wake of Hurricane Katrina and other devastating storms; and California, among other states, coping with calamitous wildfires and earthquakes. One lesson learned is that many of the difficulties citizens face during and after an emergency or disaster can be ameliorated if the court system is operational and providing at least its essential functions.]**

In an attempt to plan and prepare for a wide variety of emergencies that could **[strike]** <u>occur in</u> Pennsylvania, the Supreme Court **[has]** adopted **[new]** Rules of Judicial Administration Nos. 1950—1954. Rules 1951—1953**[,]** <u>are</u> designed to become operational only in the event of a significant emergency that causes or threatens the disruption of court operations**[, were derived in part from ''judicial emergency'' rules and statutes developed in other states such as Florida, California and Louisiana]**. The Rules specify that the primary authority and responsibility for continuing court operations rests with the Supreme Court and with the president judges of Pennsylvania's 60 judicial districts. Rule 1954 consolidates judicial security practices and directives developed over **[the past several years]** <u>time</u>.

**[Rule 1951 formalizes the requirement that each judicial district in Pennsylvania develop and practice emergency and continuity of operations plans. Under this Rule, the Court Administrator of Pennsylvania is responsible for establishing standards and procedures for emergency and continuity of operations plans, and the president judges of Pennsylvania's judicial districts, with the assistance of the district court administrators, are responsible for developing plans for their respective judicial districts. Continuity of operations plans must provide for the continuation or immediate resumption of court business—or at least essential functions—during and immediately following an emergency. The Rule calls for these plans to be reviewed and updated annually.]**

<u>**Courts must respond appropriately in the event of an emergency, natural or man-made, to ensure the safety and security of staff and the public. These emergencies come in several forms: fire, weather-related events such as tornado or flash flood, toxic chemical discharges that affect air quality, active shooter events, and pandemics. Well-conceived and regularly updated continuity of operations plans and emergency action plans are essential to ensure that courts effectively serve the public both during and after such emergencies. Continuity of operations plans must provide for the continuation or immediate resumption of court business—or at least essential functions—during and immediately following an emergency. Emergency action plans should contain guidance (*e.g.*, escape routes, emergency assembly locations, notification protocols) that court employees can follow in the event of an emergency.**</u>

Rule 1952. Emergency actions, duties and authorities.

(A) *Role of Supreme Court*<u>.</u>

(1)     In the event of an emergency that affects court operations in the Commonwealth or in one or more judicial districts, the Supreme Court shall have the authority to declare a judicial emergency generally or in any judicial district affected by the emergency.

(2)     By the declaration of a judicial emergency, the Supreme Court may:

   (a)     suspend or modify statewide or local procedural or administrative court rules;

   (b)     suspend time calculations for the purposes of time computation relevant to court cases or other judicial business;

   (c)     direct a court to sit in a location other than its normal place of operations, including outside of its judicial district;

   (d)     assign judges or court personnel from outside the affected judicial district;

   (e)     authorize additional uses of advanced communication technology to conduct court proceedings;

   (f)     take any action listed in **[Rule 1952(B)(2)]** **paragraph (B)(2)**(a)—(r) for an individual or multiple judicial districts; and

   (g)     take any other necessary administrative action regarding judicial staff, court facilities and operations.

*Note*:  See also **[Pa.R.J.A. No. 1952]** **paragraph** (B)(2) for actions a president judge may take once a judicial emergency has been declared.

See Pa.R.Crim.P. 103 for the definition of advanced communication technology.

See Pa.R.Crim.P. 118 and 119 for general rules governing the use of two-way simultaneous audio-visual communications in criminal proceedings.

(B)  *Role of the President Judge*.

(1)     In the event of an emergency, the president judge may request authorization from the Supreme Court to declare a judicial emergency in the judicial district.  Such declaration shall remain in effect until such time as it is amended, rescinded, modified or superseded by order of the Supreme Court.

4

(2)    If the Supreme Court authorizes the president judge to declare a judicial emergency in the judicial district, and unless limited by the Supreme Court, the president judge shall have the authority to:

(a)    order the closure of court facilities until safe operations of the court and its offices can be restored;

(b)    order the evacuation of court facilities;

*Note*: Ordering the evacuation of court facilities, when practical under the circumstances, should occur after consultation with members of the local **[standing]** court security committee, established under **[Rule of Judicial Administration] Pa.R.J.A.** No. 1954(A), and relevant law enforcement agencies.

(c)    direct the relocation of court operations to safe locations;

(d)    take necessary action to provide for (i) the safety of court personnel, court users and the public, and (ii) the security of court facilities, financial and cash operations, equipment and records;

(e)    establish a telephone hotline or website to provide the bench, bar and the public with court and emergency information;

(f)    reassign judges or court personnel within the judicial district as needed to ensure the continuation of operations;

*Note*:  See also **[Rule of Judicial Administration] Pa.R.J.A.** No. 1953 for requests for additional judges from within the Emergency Regional Administrative Unit.

(g)    expand the duties and work hours of staff to handle emergency matters;

(h)    cancel or modify court calendars, subpoenas or other court orders;

(i)    cancel or suspend jury and non-jury trials;

(j)    cancel or suspend jury duty;

(k)    suspend or modify local rules of court and administrative rules or procedures, including personnel policies;

(l)    suspend or modify the time requirements and limitations established by local rule;

(m)    make application to the Supreme Court to temporarily suspend or modify statewide court rules as applied to any case or cases in the judicial district;

(n)     provide for alternative signing, delivery and service of court documents and orders;

(o)     extend the duration of any emergency or temporary order (for example, protection from abuse order) issued by a judge or magisterial district judge in the judicial district;

(p)     assign custodial responsibility for court funds;

(q)     ensure compliance with any Federal, State or local emergency declarations;

(r)     order the full or partial implementation of the continuity of operations plan established pursuant to **[Rule of Judicial Administration]** <u>**Pa.R.J.A.**</u> No. 1951; and

(s)     request additional emergency judicial orders from the Supreme Court as the needs of justice require.

(3)     The president judge shall immediately notify the Court Administrator of any emergency occurring within his or her court or judicial district that causes the closure of court facilities, causes the temporary suspension of court operations or causes the full or partial implementation of the court's continuity of operations plan.

(4)     Requests for emergency judicial orders pursuant to **[Rule 1952]** <u>**paragraphs**</u> (B)(1) or **[1952]**(B)(2)(s) shall be made to the Court Administrator on a form substantially similar to the one appended to this Rule. Upon receiving a request for an emergency judicial order, the Court Administrator shall immediately transmit said request to (1) the Chief Justice of Pennsylvania or another Justice designated by the Chief Justice and (2) to the Supreme Court Prothonotary. Emergency judicial orders may be signed by the Chief Justice or another Justice designated by the Chief Justice to handle emergency applications for relief. Facsimile signatures may be used in lieu of original signatures on emergency judicial orders. Objections to emergency judicial orders from the Supreme Court shall be transmitted to the Supreme Court Prothonotary in a manner prescribed by the Supreme Court.

(5)     During an emergency, the provisions of any statewide procedural rules that require submission of local rules, including administrative orders, to the Supreme Court, the Administrative Office of Pennsylvania Courts, a statewide procedural rules committee, or the Legislative Reference Bureau for publication in the *Pennsylvania Bulletin*, shall not apply to any local rules or administrative orders issued in response to the emergency. The president judge of the affected judicial district shall inform the Supreme Court of any local rule or administrative order issued under this paragraph as soon as practicable.

*Note:* See Pa.R.J.A. No. 103(c) and (d) for local rule adoption procedures.

6

(C) *Role of the Court Administrator.*

(1)     The Court Administrator shall render such assistance as practicable and proper to judicial districts affected by an emergency and to assist in the continuity of operations.

(2)     The Court Administrator shall coordinate efforts of the Unified Judicial System to provide relief to judicial districts affected by an emergency, including providing available resources and personnel from other judicial districts.

> *Note:* See also Pa.R.J.A. No. 701.

(3)     The Court Administrator shall provide information concerning the emergency to appropriate governmental and non-governmental entities in a timely manner.

(4)     In the event the Court Administrator is notified of an emergency that causes the temporary closure of court operations, the Court Administrator shall immediately advise the Chief Justice of Pennsylvania, the Governor, the President Pro Tempore of the Pennsylvania Senate and the Speaker of the Pennsylvania House of Representatives of such emergency.

> *Note:* See **[Pa.R.J.A. No. 1952] paragraph** (B)(4) regarding requests for emergency judicial orders.

(5)     All requests for emergency judicial orders submitted to the Supreme Court, all emergency judicial orders issued by the Supreme Court, and all emergency judicial orders issued by president judges shall, to the extent possible and practical under the circumstances, be promptly and conspicuously posted on the Unified Judicial System website.

(D) *Role of the District Court Administrator.*

(1) The district court administrator shall assist the president judge in planning for emergencies and for the continuation of court operations in the event of an emergency.

> *Note:* See Pa.R.J.A. Nos. 1951(A)(2)**,** **[and]** (B)(1)**, and (C)(1)** for the development of continuity of operations plans **and emergency action plans**.

(2) In the event of an emergency, the district court administrator shall assist the president judge in implementing continuity of operations plans.

> *Note:* See Pa.R.J.A. No. 1951(A)(2) for the president judge's authority to implement continuity of operations plans.

(3) In the event of an emergency, unless otherwise specified in the continuity of

7

operations plan, the district court administrator shall:

(a) gather information from state and local officials, health and safety personnel, and any other relevant individuals or information sources to advise the president judge if the continuity of operations plan should be activated;

(b) prepare the continuity of operations plan notification for approval by the president judge and disseminate the notification;

(c) coordinate court personnel and resource deployment to an alternate facility;

(d) assist the sheriff and courthouse security in the movement of jurors, prisoners and the public, and assist with the general security of court and alternate facilities;

(e) ensure that all emergency judicial orders are promptly posted conspicuously in the affected judicial district and that they are transmitted to the Court Administrator in as prompt a manner as circumstances permit;

(f) manage alternate facility operations;

(g) provide timely information to the president judge and Court Administrator on the performance of court operations;

(h) ensure personnel issues are addressed and resolved; and

(i) confirm and communicate to the president judge when the emergency situation has ended.

(4) Once normal court operations are resumed, the district court administrator shall communicate with judges, staff and other appropriate individuals and entities to develop an after-action report to be transmitted to the Court Administrator and in conjunction with the continuity of operations plan review mandated in **[Rule of Judicial Administration]** **Pa.R.J.A.** No. 1951(B)(4).

## Comment

Rule of Judicial Administration No. 1952 clarifies a non- exhaustive list of actions the Supreme Court may order during an emergency. In addition to declaring a "judicial emergency" in one or several judicial districts, the Rule specifies numerous judicial and administrative actions the Supreme Court may order to continue and protect the judicial process, as well as the rights of litigants and the public. In addition, Pa.R.J.A. No. 1952 details the role of the president judges during and after an emergency. Under this Rule, and subject to Supreme Court approval and oversight, the president judges of each judicial district are given wide authority to order that extraordinary measures be taken to protect the public, court users and staff and to continue court operations during and after an emergency.

*   *   *

Rule 1954.  **[Judicial]** <u>Court</u> security.

(A) The president judge of each judicial district shall establish a local **[standing]** court security committee **that shall meet at least twice per year**.  **The president judge or designee shall chair the local court security committee.  Local court security committee membership shall include, at a minimum, a member of the county executive branch, the district court administrator and a magisterial district judge.**  The duties of the local **[standing]** court security committee shall be to:

(1)      **develop, review and** make recommendations to the president judge on protocols, policies and procedures necessary to protect the public, court personnel and court facilities in the event of an emergency**, including the continuity of operations plan and emergency action plans**;

(2)      communicate the approved protocols, policies and procedures identified in **[Rule of Judicial Administration No. 1954(A)(1)]** **paragraph (A)(1)** to all court employees;

(3)      review and assess **[all]** **the judicial district's** security incident reports specified in **[Rule of Judicial Administration No. 1954]** **paragraph** (B) and recommend to the president judge appropriate actions; and

(4)      develop and recommend to the president judge training programs for court employees on safety and security awareness.

*Note*: When forming local **[standing]** court security committees, president judges should consider a variety of court and county employees as well as public officials whose positions, experience and authority would benefit court security decisions.  While not an exhaustive list, the president judge may **also** consider **including**: **[a member of the county executive branch, the district court administrator, a magisterial district judge,]** an individual responsible for county and court records, an individual responsible for courthouse security, a courthouse facility or risk manager**, representatives of the other county offices housed in the court facility, a representative from the county information technology office,** and a member of county or local law enforcement.

(B) The president judge shall ensure that all reporting requirements of the Pennsylvania Judicial Incident Reporting System (''PAJIRS'') are completed by the district court administrator or his or her designee no later than the close of business on the day that any reportable action occurs.

(C) The president judge shall ensure the completion of court facility security assessments as **[identified in the Unified Judicial System Court Safety and Security Manual and as]** prescribed by the Court Administrator.

9

**[(D) The president judge shall establish court security protocols, policies and procedures to be implemented in the event of an emergency, including, but not limited to: fire, natural disaster, ''white powder'' or other man-made emergency or disaster, and escaped prisoner and hostage situations. The president judge shall ensure that all employees receive training on how and when to implement such protocols, policies and procedures. All policies and procedures identified in this Rule shall be reviewed and updated annually.]**

### Comment

Rule 1954 addresses court security and formalizes the creation of local **[standing]** court security committees. These committees**[, which]** have existed in every judicial district since at least 2005**[, are appointed by the president judges]**. **[They make recommendations to the president judge on protocols, policies and procedures which should be implemented to protect the public, court personnel and court facilities in the event of an emergency, and the president judge must establish such security protocols, policies and procedures for the judicial district. In addition, each]** <u>Each</u> local **[standing]** court security committee is charged with reviewing court **security protocols, policies, and procedures, as well as** security incident reports collected through PAJIRS, **[which was]** (implemented in 2005 for magisterial district courts and 2007 for common pleas courts), and making appropriate recommendations to the president judge based on **[those reports]** <u>the committee's review</u>. **[Finally, Rule 1954 directs the president judges of Pennsylvania's judicial districts to complete and annually update court facility security assessments**.

It is hoped that a significant natural or man-made emergency never impacts Pennsylvania. However, through the framework provided in Rules 1950—1954, should an emergency occur, Pennsylvania Courts will be prepared to provide at least minimum services, including all essential court functions, both during and after the emergency, to better protect and serve Pennsylvania's citizens.]**